UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
WILLIE BAGBY

                    Plaintiff,

      -against-

105TH PRECINCT and
NEW YORK POLICE DEPARTMENT

                 Defendants.
--------------------------------------------------------------x

**COMPLAINT**

## INTRODUCTION

1.    WILLIE BAGBY, (hereinafter referred to as the "Plaintiff", or "Petitioner") is bringing forth the herein action against the Defendants 105TH PRECINCT and NEW YORK POLICE DEPARTMENT (hereinafter referred to as the "Defendants") for deprivation of rights under color of law, police misconduct and false arrest.

2. Specifically the Plaintiff brings forth this action against the Defendants for violation of Title 18 U.S.C. §§ 241 and 242 and 34 U.S.C. 12601 is seeking remedies as a result of police misconduct and unlawful arrest.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

2.    Venue is proper in, and Defendants are subject to the personal jurisdiction of this Court because both Plaintiff and Defendants maintain facilities and business operations in this District, and all the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

## NATURE OF THIS ACTION

3.     This action is brought pursuant to U.S.C. §§ 241 and 242 and 34 U.S.C. 12601 as a result of the police brutality, misconduct and unlawful arrest.

4.     Plaintiff seeks compensatory damages, punitive damages, incidental damages, consequential damages and penalties which include reasonable attorney fees and litigation epenses as remedies for Defendants violations of the Federal statutes outlined herein.

## PARTIES

5.     Plaintiff is a private individual residing at 146-40 222nd Street, Springfield Gardens, New York 11413.

6.     Upon information and belief the Defendants are a municipal corporation duly-authorized by and existing under the laws of the State of New York maintaining its principal place of service within the State of New York, County of Queens. At all times relevant hereto, 105th Precinct, acting through the New York Police Department ("NYPD") police officers, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, the 105th Precinct was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

## STATEMENT OF FACTS

7.     On or about 9pm on August 9, 2021, the Plaintiff was driving northbound on 220 Place in his vehicle, an orange 2017 Dodge Ram.

8.     The defendants were driving southbound on 220 Place in a marked patrol vehicle.

1

9.     The Plaintiff passed the defendants in his own vehicle.

10.     When the Plaintiff passed the defendants, the defendants turned on their patrol car's emergency vehicular lights and proceeded to pull over the Plaintiff's aforementioned 2017 dodge ram.

11.     Upon being pulled over, the Plaintiff exited his vehicle to inquire the reason for the stop.

12.     The defendants initiated an arrest without probable cause and to Mirandize him. They attempted to place the Plaintiff in handcuffs, to which the Plaintiff resisted.

13.     The defendants repeatedly told the Plaintiff to place his hands behind his back, refusing to answer the Plaintiff's questions and neglecting to read the Plaintiff's his Miranda rights.

14.     The Plaintiff continued to resist.

15.     The defendants proceeded to use a Taser on the Plaintiff causing him to fall to the ground. The Plaintiff sustained facial abrasions and cranial contusions upon impact.

16.     While the Plaintiff was on the ground, the defendants, again, attempted to place the Plaintiff in handcuffs. The Plaintiff continued to resist. No Miranda rights were read to him on the second attempt to arrest the Plaintiff.

17.     The Plaintiff got up from the ground, exchanged words with the defendants and was instructed to return to his vehicle.

18.     The Plaintiff complied with order and returned to his vehicle and proceeded to drive to his place of residence at 146-40 222nd Street, Springfield Gardens, New York 11413.

19.     The defendants returned to their patrol car, turned on their emergency vehicular lights and followed the Plaintiff.

20.     Once at his place of residence, the Plaintiff called 911 because he still had the Taser barbs in his body from the initial encounter.

21.     The defendants had responded to the 911 call made by the Plaintiff. Upon arrival, the Plaintiff was standing outside his residence.

22.     For a third time, the defendants attempted to arrest the Plaintiff in front of his residence without Mirandizing him.

23.     The Plaintiff resisted the arrest, as he had called 911 for assistance removing the Taser barbs. For this encounter, there was no reason for an arrest to be attempted.

24.     As the Plaintiff resisted arrest, the defendants then Tased him for the second time.

25.     EMS arrived at the Plaintiffs residence in response to the 911 call and noted that the Plaintiff was restrained by the defendants and had three Taser barbs in his body. The Plaintiff was transported to the local hospital, Long Island Jewish Valley Stream. 900 franklin avenue, Valley Stream NY, 11580 for treatment.

26.     Per health care providers at Long island Jewish Valley Stream, the Plaintiff sustained skin abrasions and had 3 Taser barbs in his right lower quadrant. There was no evidence nor indication of alcohol intoxication or drug intake by the Plaintiff at the time of treatment.

27.     Upon medical clearance and discharge from the hospital, the Plaintiff was escorted by defendants to the 105 precinct for holding.

28.     At the precinct, the Plaintiff was photographed and fingerprinted. At no time in between his arrest and him being placed in a cell did he receive his Miranda rights.

29.     After some time, the Plaintiff was transferred to central booking, and then

3

released.

30.    All charges were dropped against Plaintiff.

## SECTION 1983 AND RELATED CLAIMS

31.    Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 145 n.3, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979).

32.    Section 1983 provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . . 42 U.S.C. § 1983.

33.    For claims under § 1983, plaintiff must prove "that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

34.    In our case, the challenged conduct was attributal to the police who was acting under color of state law and the conduct deprived Plaintiff to be free from unreasobnable search and seizures.

4

## AS FOR A FIRST CLAIM OF RELIEF: POLICE MISCONDUCT-ASSAULT

34.     In seeking a relief under this claim, 34 U.S.C. §12601, the law makes it unlawful for state or local law enforcement officers to engage in a pattern or practice of misconduct that deprives persons of rights protected by the Constitution or laws of the United States.

35.     According to NY Penal Law section 120.0, a person is guilty of assault when (1) there is intent to cause physical injury to another person, he causes such injury to such person; or (2) he recklessly causes physical injury to another person; or (3) with criminal negligence, he causes physical injury to another person by means of a deadly weapon or dangerous instrument.

36.     The elements of police misconduct/assault under 42 U.S.C. § 1983 are drawn from the law of the state in which the arrest took place. *See Russo v. City of Bridgeport* , 479 F.3d 196, 204 (2d Cir. 2007).

37.     As a direct and proximate result of this behavior by the Defendants, the Plaintiff had exited his vehicle in an attempt to further understand the reason for the sudden stop. The Defendants immediately attempted to arrest the Plaintiff without disclosing their reasoning.

38.     The Plaintiff resisted the Defendant's attempt to arrest him which led to the Defendants tazing the Plaintiff in the chest. The Plaintiff was temporarily immobilized and fell to the ground.

39.     As a result of the foregoing, the Plaintiff sustained facial lacerations and cranial contusions as well as being impaled by the Taser barbs in his abdominal area.

40.     In this case, the Plaintiff sustained physical injury at the hands of the Defendants during their many arrest attempts that were not consented upon by the Plaintiff. The Defendants caused physical injury not only by excessive force but also by use of a dangerous instrument as defined by Section 265.01 of NY Penal Law in the form of a Taser.

## AS FOR A SECOND CLAIM OF RELIEF: FALSE ARREST

41.     In seeking a relief under this claim, false arrest, under New York Law Section 135.00 Unlawful imprisonment, also known as false imprisonment, has the following definitions applicable to this article. (1) "Restrain" means to restrict a person's movements intentionally and unlawfully in such a manner as to interfere substantially with his liberty by moving him from one place to another, or by confining him either in the place where the restriction commences or in a place to which he has been moved, without consent and with knowledge that the restriction is unlawful. A person is so moved or confined "without consent" when such is accomplished by (a) physical force, intimidation or deception, or (b) any means whatever including acquiescence of the victim.

42.     The elements of false arrest under 42 U.S.C. § 1983 are drawn from the law of the state in which the arrest took place. *See Russo v. City of Bridgeport* , 479 F.3d 196, 204 (2d Cir. 2007).

43.     In this case, the Plaintiff was restrained by the Defendants with physical force by the Defendants themselves, as well as their use of a taser to immobilize the Plaintiff and force compliance.

44.     At no time during this encounter did the Defendants explain to the Plaintiff the reason for the stop. The Plaintiff was unarmed and did not show any signs of intoxication. Other than the Plaintiff exiting his vehicle, there was no other rational reasoning for using such force on the Plaintiff.

45.     Upon information and belief, the Defendants unlawfully imprisoned the Plaintiff by restraining him with physical force as well as the use of a Taser to subdue him. The

6

Plaintiff was unable to move about freely and was confined without consent by the Defendants.

## **REQUEST FOR RELIEF**

46.     On the first claim for relief we request that the Honorable court awarding judgment to the Plaintiff in the amount of five million dollars ($5,000,000.00), plus incidental and consequential damages, plus attorney fees, costs of suit, disbursements, related litigation expenses actually incurred, and any such further relief as the court may deem just, equitable and proper;

47.     On the second claim for relief we request that the Honorable court awarding judgment to the Plaintiff in the amount of five million dollars ($5,000,000.00), plus incidental and consequential damages, plus attorney fees, costs of suit, disbursements, related litigation expenses actually incurred, and any such further relief as the court may deem just, equitable and proper.

## **BENCH TRIAL DEMAND**

48.     Plaintiff hereby demands a Bench Trial within this entitled action.

Dated: Mineola, New York
          November 3, 2022

Respectfully Submitted,

MEIR MOZA, ESQ.

Law Office of Meir Moza
*Attorney for Plaintiff*

7

217 Mineola Ave., Ste. 101
Mineola, New York 11501
(516) 741-0003

8